NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE DE JESUS HERNANDEZ-
ESPARZA,

               Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   20-71816

Agency No. A089-906-518

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 19, 2022**

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

    Jose de Jesus Hernandez-Esparza, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to terminate and dismissing his appeal from an immigration judge's ("IJ")

decision denying his request to continue his removal proceedings. We have

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We review de novo claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft,* 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

Hernandez-Esparza does not raise, and therefore waives, any challenge to the BIA's denial of his motion to terminate proceedings. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to Hernandez-Esparza's motion to terminate.

Hernandez-Esparza's contentions that the agency used the wrong standard of review or otherwise erred in its legal analysis fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim); *see also Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the agency adequately considered evidence and sufficiently announced its decision).

The agency did not abuse its discretion in denying Hernandez-Esparza's request for a continuance where he failed to demonstrate good cause. *See* 8 C.F.R. § 1003.29 (an IJ may grant a continuance for good cause shown); *Ahmed*, 569 F.3d at 1012 (setting out the factors to consider in good cause analysis); *see also Hui Ran Mu v. Barr*, 936 F.3d 929, 936 (9th Cir. 2019) ("Although the [agency] did not expressly address the *Ahmed* factors, the IJ sufficiently outlined why good cause

[for a continuance] did not exist."); *Matter of L-A-B-R-*, 27 I.&N. Dec. 405, 413 (A.G. 2018) (whether a noncitizen's collateral proceedings will materially affect the outcome of their removal proceedings is one of the most important considerations in the good-cause analysis). Thus, Hernandez-Esparza's contention that the agency violated his right to due process by denying his request for a continuance fails. *See Lata*, 204 F.3d at 1246.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**